# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEONARD JOSEPH YANKTON, | |
| Plaintiff, | 4:18CV3026 |
| vs. | ORDER |
| GREGORY CODY, OFC #830, individually; and AARON PETH, OFC #1724, individually; | |
| Defendants. | |

This matter is before the Court on the Motion to Compel Discovery Responses ([Filing No. 30](#)) filed by Defendants. Defendants request an order compelling the pro se Plaintiff, Leonard Yankton, to fully respond to written discovery, specifically Interrogatory Nos. 3 and 5, Request for Production No. 8, and Requests for Admissions. ([Filing No. 30](#)).

Plaintiff's claims in this action arise out his allegations that on August 23, 2017, Lincoln Police Officers Gregory Cody and Aaron Peth (collectively, "Defendants") entered his home without permission when responding to a domestic dispute call. ([Filing No. 5](#)). Plaintiff alleges Defendants handcuffed him too tightly, "used force that was not objectively reasonable under the circumstances, interrogated him with no *Miranda* warning, . . . entered his residence without a warrant, engaged in aggressive intimidation interrogation tactics, abused authority, treated a white person at the scene differently than the Native Americans present, imprisoned him under a false charge of interfering with an investigation, and instituted legal proceedings against him with malice." ([Filing No. 14 at p. 2](#)). The Court determined that Plaintiff pled sufficient facts to proceed with claims against Defendants for illegal seizure, excessive force, wrongful arrest, and racial discrimination. ([Filing No. 14 at p. 8](#)).

Defendants served discovery requests on Plaintiff on December 6, 2018. Plaintiff responded on January 7, 2019. Defendants subsequently communicated with Plaintiff by email regarding deficiencies in Plaintiff's responses and ultimately filed this motion to compel on January 29, 2019. ([Filing No. 31-1](#)). Defendants request that Plaintiff answer to "Interrogatory No. 3 regarding injuries and medical conditions, Interrogatory No. 5 regarding accounting of all economic damages, losses, expenses or other costs, Request for Production No. 8 regarding income tax returns and W-2s for the past five years, and Requests for Admissions." ([Filing No. 30](#)).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Court finds that Defendants' discovery requests are plainly relevant and not unduly burdensome. Plaintiff alleges he was physically, emotionally, and economically injured by Defendants' actions on August 23, 2017, and Defendants' requests seek information relevant to those allegations. Defendants' Requests for Admissions (Filing No. 31-1 at pp. 4-6) request Defendant to admit or deny certain facts related to the August 23, 2017, incident at issue in Plaintiff's Amended Complaint.

Although Plaintiff invokes his pro se status in his brief in response (Filing No. 32), "[P]ro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984)(citing *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975). "[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g). All parties "have an affirmative duty to respond to discovery requests and make reasonable, diligent efforts to produce truthful, discoverable information." *Marquette Bus. Credit, Inc. v. Gleason*, No. 14-CV-354 (MJD/LIB), 2015 WL 12776599, at *3 (D. Minn. Jan. 30, 2015); see also Fed. R. Civ. P. 26, 33(b)(1)(A), & 34(b)(2). "A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). "Sanctions may be imposed upon a pro se litigant for failure to cooperate in discovery." *Tyler v. Iowa State Trooper Badge No. 297*, 158 F.R.D. 632, 635 (N.D. Iowa 1994)(citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)). Defendants' discovery requests are relevant and proportional to the needs of the case, and the Court finds that Plaintiff should be compelled to supplement his responses and fully respond to the outstanding requests.

Plaintiff's brief in opposition to the instant motion indicates that he believes Defendants did not produce certain requested documents responsive to Plaintiff's requests. (Filing No. 32 at p. 3). To the extent Plaintiff seeks that the court compel Defendants to provide documents, such request must have been made by a motion supported by a brief and evidence in accordance with this district's local rules and the Federal Rules of Civil Procedure. See NECivR 7.1(i); Fed. R. Civ. P. 34. Therefore, the Court will disregard Plaintiff's request for documents contained within his brief opposing Defendants' motion. Moreover, the deadline for filing motions to compel has passed. See Filing No. 20. Accordingly,

**IT IS ORDERED**:

1. Defendants' Motion to Compel Discovery Responses ([Filing No. 30](#)) is granted.

2. On or before **March 13, 2019**, Plaintiff shall provide Defendants with complete answers to Defendants' Interrogatory No. 3, Interrogatory No. 5, responses to Requests for Admissions, and provide documents responsive to Request for Production No. 8.

3. Plaintiff's failure to comply with this Court's order may result in sanctions entered against Plaintiff upon appropriate motion by Defendants, including a recommendation that this case be dismissed.

Dated this 20th day of February, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge